IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH FULMER,                              No. CIV S-09-0049-FCD-CMK-P

        Petitioner,

   vs.                                        FINDINGS AND RECOMMENDATIONS

D.K. SISTO,

        Respondent.

                                        /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1) and respondent's answer (Doc. 11). Petitioner did not file a reply.

**I.  BACKGROUND**

        While incarcerated at California State Prison – Solano, petitioner was charged with a rules violation for possession of tobacco in his cell. He claims that the resulting guilty finding violated due process because it was not based on sufficient evidence. Specifically, he states that his cellmate (Bauthier) admitted that the tobacco belonged to him and not petitioner.

1

In rejecting this claim, the Solano County Superior Court stated:

> Petitioner has failed to state a prima facie case for relief. (citation omitted). Some evidence supports the hearing officer's guilty findings as required by law. (citation omitted). The evidence was that contraband tobacco was found hidden in Petitioner's mattress. Petition has not shown that inmate Bauthier admitted guilt or took responsibility for the tobacco at his CDC 115 hearing. The Bauthier declaration submitted wherein Bauthier takes responsibility is dated after the CDC 115 hearings. Even if Bauthier took responsibility at his CDC 115 hearing, Petitioner would still not prevail on habeas corpus because some evidence of constructive possession exists even with a cellmate's admission of guilt. (citation omitted).

The California Court of Appeal and California Supreme Court both denied relief.

## II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001). Thus, under § 2254(d), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc). Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue. See Moses v. Payne, ___ F.3d ___ (9th Cir. Sept. 15, 2008) (citing Wright v. Van Patten, 128 S.Ct. 743, 746 (2008)). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 127 S.Ct at 654 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 127 S.Ct. at 653.

///

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See <u>id.</u> at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See <u>id.</u> In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See <u>id.</u> at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See <u>Benn v. Lambert</u>, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See <u>id.</u> If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See <u>id.</u>

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See <u>id.</u>; see also <u>Wiggins v. Smith</u>, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in <u>Williams,</u> suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See <u>Williams</u>, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See <u>id.</u> at 410; see also <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be

4

found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

Petitioner claims that the disciplinary finding was not based on sufficient evidence and, therefore, violated his right to due process. With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.

1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. A violation of prison regulations does not give rise to a due process claim as long as these minimum protections have been provided. See Walker, 14 F.3d at 1419-20.

Applying the "some evidence" standard, the state court reasoned that, even if Bauthier's declaration is accepted, under California law there was evidence that petitioner constructively possessed the contraband, which was found hidden under his mattress. In In re Zepeda, 141 Cal.App.4th 1493 (4th Dist. 2006), which was cited by the state court, the California Court of Appeal considered a very similar situation. In that case, the inmate was found guilty of a disciplinary violation because contraband was found in his cell. See id. at 1499. The court summarized the evidence against Zepeda as follows:

> The primary evidence against Zepeda was the location of the razor blades – in a "paper medicine cup on top of [a] cement shel[f]" in "an area easily accessible to both inmates." Zepeda was one of only two inmates who shared the cell, and "had been in the cell for several days prior to the discovery of the razor blades." In addition, the plastic casings for the razor blades were found in the cell, indicating that alteration of the razor blades occurred there.

Id.

Discussing the "some evidence" standard under Hill, the court in Zepeda noted that "this evidence would likely be insufficient to form the basis of a criminal conviction because . . . the prison officials 'never negated the possibility' that the razor blades were in the cell without Zepeda's knowledge." Id. The court recognized that, under Hill, ". . . to withstand court scrutiny for federal due process purposes, there is simply no requirement that the evidence 'logically preclude any conclusion but the one reached by the disciplinary [official]." Id. (citing Hill, 472 U.S. at 456).

///

1    The court finds that the state court properly applied the Hill "some evidence"
2 standard in concluding that the only inquiry for a reviewing court is whether there is any
3 evidence upon which the disciplinary finding could reasonably be based.  In this case, the
4 contraband was found hidden in petitioner's mattress.  This is clearly evidence upon which a
5 reasonable person could conclude that petitioner was guilty of possession of contraband.  It does
6 not matter that the possibility that his cellmate possessed the contraband was not conclusively
7 negated.  As respondent persuasively argues, petitioner's argument amounts to nothing more than
8 a challenge to the weight prison officials chose to give Bauthier's declaration in concluding that
9 petitioner, not Bauthier, was guilty of possession of contraband.  Because there was some
10 evidence to support the disciplinary finding, and notwithstanding other plausible explanations,
11 the state court's determination was not an unreasonable application of the Hill standard.

### IV.  CONCLUSION

   Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be denied.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE